# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD GALLANT,<br><br>        Petitioner,<br><br>    v.<br><br>PAUL SCHULTZ,<br><br>        Respondent.             / | CV F 05-0890 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

     Petitioner filed the instant petition on July 11, 2005. Petitioner indicates that he is currently incarcerated at the United States Penitentiary, in Atwater, California, following a conviction in the United States District Court for the Eastern District of California, Sacramento Division, for a violation of 18 U.S.C. §§ 371, 751(a), 922(g)(1). Petitioner was sentenced to 365 months.

     Petitioner raises a due process challenge based on the fact that he was shackled and forced to wear a stun belt during his jury trial and claims that his trial counsel was ineffective for failing to object to such procedure.

## DISCUSSION

     A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

1

1  under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v.
2  Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997);
3  <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing
4  court has jurisdiction.  <u>Tripati</u>, 843 F.2d at 1163.   A prisoner may not collaterally attack a
5  federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28
6  U.S.C. § 2241.  <u>Grady v. United States</u>, 929 F.2d 468, 470 (9 <sup>th</sup> Cir.1991); <u>Tripati</u>, 843 F.2d at
7  1162; <u>see also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

8       In contrast, a federal prisoner challenging the manner, location, or conditions of that
9  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. §  2241.
10  <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998);  <u>United States v. Tubwell</u>, 37 F.3d
11  175, 177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
12  <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991);  <u>Barden v. Keohane</u>, 921 F.2d 476,
13  478-79 (3rd Cir. 1991);  <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987);
14  <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

15       A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
16  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
17  validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir.2000); <u>United
18  States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
19  recognized that it is a very narrow exception. <u>Id</u>; <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003)
20  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
21  motion to demonstrate that § 2255 is inadequate or ineffective);  <u>Moore v. Reno</u>, 185 F.3d 1054,
22  1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255
23  Motions does not render § 2255 inadequate or ineffective); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964)
24  (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen
25  v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988)
26  (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate);
27  <u>Williams v. Heritage</u>, 250 F.2d 390 (9th  Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th
28  Cir.1956); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural

1  requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C.

2  § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.

3  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

4       In this case, Petitioner's claims must be raised in a § 2255 motion, which must be filed in

5  the sentencing court-the United States District Court for the Eastern District of California,

6  Sacramento Division.  Petitioner contends that a § 2255 motion is time barred.  Petitioner's claim

7  is without merit and he cannot raise such an argument unless and until a § 2255 action is filed.

8  Further, inability to bring a motion under § 2255 because of the statute of limitations, does not

9  render that remedy inadequate or ineffective.  <u>See</u> <u>UnitedStates v. Garcia</u>, 210 F.3d 1058, 1060

10  (9th Cir. 2000) (applying statute of limitations to federal prisoners); <u>Moore v. Reno</u>, 185 F.3d

11  1054, 1055 (9th Cir. 1999).

12  <u>RECOMMENDATION</u>

13       Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for

14  writ of habeas corpus be DISMISSED.

15       These Findings and Recommendations are submitted to the assigned United States

16  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-

17  304 of the Local Rules of Practice for the United States District Court, Eastern District of

18  California.  Within thirty (30) days after being served with a copy, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

21  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

22  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

23  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

24  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

25  F.2d 1153 (9th Cir. 1991).

26       IT IS SO ORDERED.

27      **Dated:   August 15, 2005**           **/s/ Dennis L. Beck**
    3b142a                                UNITED STATES MAGISTRATE JUDGE

28