UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERARD GALLANT, | ) | 1:05-cv-00890-AWI-DLB-HC |
| | ) | |
|     Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATION** (Doc. 5) |
| v. | ) | |
| | ) | **ORDER DISMISSING PETITION** |
| PAUL SCHULTZ, | ) | **FOR WRIT OF HABEAS CORPUS** |
| | ) | |
|     Respondent. | ) | **ORDER DIRECTING CLERK TO ENTER JUDGMENT** |
| | ) | |
| | | **ORDER TERMINATING ACTION** |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On August 16, 2005, the Magistrate Judge filed Findings and Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED.  These Findings and Recommendation were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On September 16, 2005, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation are supported by the record and proper

1  analysis.  Petitioner's objections present no grounds for
2  questioning the Magistrate Judge's analysis.
3       As explained by the Magistrate Judge, 28 U.S.C. § 2255
4  provides the exclusive procedural mechanism by which a federal
5  prisoner may test the legality of detention." <u>Lorentsen v. Hood</u>,
6  223 F.3d 950, 953 (9th Cir.2000).  Petitioner's objections do not
7  convince the court that this action falls within Section 22255's
8  "savings clause," which allows a prisoner to file a habeas corpus
9  petition pursuant to Section 2241 if his remedy under Section 2255
10 is "inadequate or ineffective to test the legality of his
11 detention." 28 U.S.C. § 2255.  This savings clause is a narrow
12 exception and does not apply merely because Section 2255's
13 gatekeeping provisions prevent the petitioner from filing a
14 petition. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir.2003)
15 (citations omitted).  Because Petitioner's objections focus on his
16 inability to file a Section 2255 petition, the court cannot find
17 Petitioner falls within Section 2255's savings clause.
18      Accordingly, IT IS HEREBY ORDERED that:
19      1.   The Findings and Recommendation, filed August 16, 2005,
20 are ADOPTED IN FULL;
21      2.   The Petition for Writ of Habeas Corpus is DISMISSED;
22      3.   The Clerk of Court is DIRECTED to judgment; and,
23      4.   This action is therefore TERMINATED.
24 IT IS SO ORDERED.
25 **Dated:   November 9, 2005**              **/s/ Anthony W. Ishii**
   0m8i78                                   UNITED STATES DISTRICT JUDGE

2