IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **GERARD GALLENT,** | ) | CV F 05-0890 AWI DLB HC |
| Petitioner, | )<br>)<br>) | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | ) | |
| **WARDEN PAUL SCHULTZ,** | )<br>) | (Document #10) |
| Respondent. | )<br>) | |

  Petitioner, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. On November 10, 2005, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the habeas corpus petition because it contained claims that must be brought in a petition pursuant to 28 U.S.C. § 2255 and Petitioner had not shown his remedy through Section 2255 was ineffective to protect his rights. On November 10, 2005, the Clerk of the Court entered judgment. On November 18, 2005, Petitioner filed a notice of appeal. Although Petitioner did not make an express request for a certificate of appealability, the notice of appeal is deemed to constitute a request for a certificate. See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

 (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
 judge, the final order shall be subject to review, on appeal, by the court of appeals for the

```
circuit in which the proceeding is held.
 (b) There shall be no right of appeal from a final order in a proceeding to test the validity
of a warrant to remove to another district or place for commitment or trial a person
charged with a criminal offense against the United States, or to test the validity of such
person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
not be taken to the court of appeals from–
  (A) the final order in a habeas corpus proceeding in which the detention complained of
arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
or issues satisfy the showing required by paragraph (2).
```

In general, a certificate of appealability is not required to appeal an order denying a section 2241 petition where: (1) the detention complained of does not arise out of a process issued by a state court; or (2) it is not a section § 2255 proceeding.  Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).   However, a successive Section 2255 petition disguised as a Section 2241 petition requires a certificate of appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the court cannot find that jurists of reason would disagree that Petitioner's claims cannot be brought in a petition for habeas corpus under 28 U.S.C. § 2241.

Accordingly, the court hereby ORDERS that Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:     November 29, 2005                    /s/ Anthony W. Ishii
0m8i78                                       UNITED STATES DISTRICT JUDGE

2